UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
JASWINDER SINGH, BALBIR NAGI,
MAN SINGH and NYC YELLOW CAB
DRIVERS ASSOCIATION, INC.,

                Plaintiffs,

  -against-                      **MEMORANDUM AND ORDER**
                                    No. 15-CV-5496-FB-VMS

MEERA JOSHI, THE NEW YORK
CITY TAXI AND LIMOUSINE
COMMISSION, BILL DE BLASIO and
THE CITY OF NEW YORK,

                Defendants.
--------------------------------------------------x

*Appearances:*

| For the Plaintiffs: | For the Defendants: |
|---|---|
| DANIEL L. ACKMAN, ESQ. | ZACHARY W. CARTER, ESQ. |
| 222 Broadway, 19th Floor | Corporation Counsel of the |
| New York, New York 10038 | City of New York |
| | 100 Church Street |
| ANDREW ST. LAURENT, ESQ. | New York, New York 10007 |
| Harris, St. Laurent & Chaudhry LLP | |
| 40 Wall Street, 53rd Floor | By:  MICHELLE GOLDBERG-CAHN, |
| New York, New York 10005 |        ESQ. |
| |        KAREN SELVIN, ESQ. |

**BLOCK, Senior District Judge:**

      Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 6.3, plaintiffs move for reconsideration of the Court's memorandum and order

granting defendants' motion to summary judgment. *See Singh v. Joshi*, 201 F. Supp. 3d 245 (E.D.N.Y. 2016).

First, plaintiffs continue to challenge the Court's equal-protection analysis. That analysis, first set forth in the Court's memorandum and order denying plaintiffs' motion for a preliminary injunction, *see Singh v. Joshi*, 152 F. Supp. 3d 112 (E.D.N.Y. 2016), concluded that there was a rational basis to treat yellow cabs and black cars differently with respect to accessibility requirements: "The decision to impose new accessibility requirements on yellow cabs [is] simply a recognition that street hailing is a key component of the taxi transportation system, particularly in central Manhattan, where even boro cabs cannot respond." *Id.* at 126. The Court then elaborated in the memorandum and order granting defendants' motion for summary judgment: "Whether through a central dispatcher or a mobile app, there is a means by which a customer can request an accessible vehicle in advance, thus obviating the need for an increase in the sheer number of accessible black cars on the streets." *Singh*, 201 F. Supp. 3d at 248.

Plaintiffs now argue that recent statements by the Chair of the Taxi and Limousine Commission ("TLC") constitute "admissions" that "emphatically reject" the Court's conclusion. Generally speaking, the statements acknowledge the increasing similarity between a street hail and a prearranged ride in the age of smart phones. The Court has already made the same acknowledgment. *See id.* ("[The

2

Court] readily agrees that e-hails blur the line between yellow cabs and black cars, with the latter now able to respond just as quickly—sometimes more quickly—to a customer standing on a street corner anywhere in New York City."). Nevertheless, it would still be rational for TLC to conclude that a black-car company could accommodate disabled passengers without requiring that 50% of its cars be accessible. Moreover, it need not have actually reached that conclusion: "It is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993).

Plaintiffs quibble that many black-car companies violate the requirement that they make accessible cars available on request, and that TLC has implemented a program to allow passengers to prearrange accessible yellow cabs. But "courts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends." *Heller v. Doe*, 509 U.S. 312, 321 (1993). Thus, there is no requirement that a government assign equal priority to all its initiatives, and no prohibition on taking multiple approaches to the same problem:

> Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. The legislature

3

> may select one phase of one field and apply a remedy there, neglecting the others.

*Williamson v. Lee Optical, Inc.*, 348 U.S. 483, 489 (1955).

Plaintiffs next repeat their argument that the Court misapprehended that TLC could require black-car companies to use a particular model of car, as it does for yellow cabs. But as the Court has already noted, what TLC *could* do is not dispositive: "[E]ven assuming that TLC could require black cars to use a particular vehicle, there is a rational basis for having different disability mandates." *Singh*, 201 F. Supp. 3d at 247. That rational basis—set forth above and twice before—is all that the Equal Protection Clause requires.

Accordingly, plaintiffs' motion for reconsideration is denied.

**SO ORDERED.**

                                            /S/ Frederic Block
                                            FREDERIC BLOCK
                                            Senior United States District Judge

Brooklyn, New York
September 29, 2017